# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0254** (Berkeley County No. 11-F-96)

**Ronald D. Whetzel, Jr.,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ronald D. Whetzel, Jr. was sentenced by the January 13, 2012, sentencing order of the Circuit Court of Berkeley County to forty years for his conviction of first degree robbery and one to fifteen years for his conviction of burglary with the sentences to run concurrently. The petitioner was also ordered to pay restitution to one of the victims, joint and several with co-defendant Ian Derr, in the amount of $8,000. The circuit court modified his sentence for first degree robbery by order dated February 27, 2013, reducing his sentence for first degree robbery from forty years to thirty years. By counsel Steven A. Greenbaum, he now appeals his sentence to this Court. The State, by counsel Cheryl K. Saville, argues in support of the order.

Upon consideration of the standard of review, the parties' briefs, the record presented, and the oral arguments, this Court finds no substantial question of law and no prejudicial error in this case. Thus, we find that a memorandum decision is the appropriate disposition for this case under Rule 21 of the Revised Rules of Appellate Procedure.

On December 9, 2010, two white males wearing all black clothing, black ski masks, and black gloves, armed with a handgun and a pellet gun, entered the residence of Deborah Beckman, from which she operated her own business, Beck's Kennels. Those present at the home were Deborah Beckman; her daughter, Wendy Beckman; and her step-daughter, Amy Edwards. While Deborah escaped from the home, one of the armed men held Wendy and Amy at gunpoint while the other intruder retrieved a lockbox from the master bedroom. The lockbox contained, among other things, Deborah's late husband's will and approximately $8,000. Upon obtaining the lockbox, the men left the home. The incident was reported to Berkeley County police.

1

On January 11, 2011, the police received an anonymous tip that "Georgie W." may have been involved in the robbery of Deborah Beckman's home. "Georgie" is the petitioner's nickname. The police proceeded to contact the petitioner, then sixteen years old.[1] The petitioner denied involvement in the robbery, but he indicated that his friend "Derrski" was involved.

Three days later, on January 14, 2011, the police interviewed the petitioner's grandmother, Elizabeth McClain, who told police that the petitioner had come into a large sum of money on December 9th or 10th. She also produced a drawing she obtained from one of the petitioner's school books. The drawing depicted the layout of Deborah Beckman's home. The word "TARGET" appeared on the area of the drawing corresponding to where the stolen lockbox was kept.

The police then proceeded to contact Ian Derr. Mr. Derr admitted his participation in the robbery, stated that the robbery was the petitioner's idea, and described the commission of the robbery. Mr. Derr then showed police where he and the petitioner had dumped the lockbox. Although the lockbox was not recovered, the police did find an envelope in that location labeled Beck's Kennels.

Both Mr. Derr and the petitioner were taken into custody. The police charged the petitioner with first degree robbery, burglary, and conspiracy to commit robbery, and the petitioner was detained at Vicki Douglas Juvenile Center. A juvenile custody and detention hearing took place in the Berkeley County Magistrate Court on January 18, 2011. Counsel was appointed to the petitioner, and the petitioner waived his right to a preliminary hearing. Later that same day, an initial hearing was held before the juvenile court. At that time, a status hearing was scheduled for February 7, 2011. At the February 7, 2011, status hearing, the State requested a continuance to allow adequate time to present the matter to the court. The request was granted, and the status hearing was rescheduled for February 14, 2011.

On February 9, 2011, the petitioner escaped from the Vicki Douglas Juvenile Center. He was detained by U.S. Marshalls on February 10, 2011, and transported to Chick Buckbee Juvenile Detention Center.

On February 11, 2011, the Berkeley County Prosecutor's Office filed a motion to transfer the petitioner's robbery case from juvenile to adult criminal jurisdiction. The State and the petitioner both appeared before the juvenile court that same day. At the hearing, the court canceled the previously scheduled status hearing and scheduled a transfer hearing to take place on February 28, 2011. The petitioner waived his right to have the transfer hearing take place within seven days of the filing of the motion for transfer by the prosecutor.

---

[1] The petitioner's birthdate is in August of 1994.

2

At the hearing on February 28, 2011, the juvenile court rescheduled the hearing for March 22, 2011, "to allow the necessary time to hear the matter properly." On March 16, 2011, the juvenile court, sua sponte, issued an order rescheduling the transfer hearing again, this time for April 6, 2011, because of time constraints placed on the court due to an influx of abuse and neglect cases.

The transfer hearing was held on April 6, 2011. At the hearing, the court heard the testimony of two police officers, the three women present at Deborah Beckman's home at the time of the robbery, and Elizabeth McClain. Because the court declared Mr. Derr and another juvenile implicated in the robbery unavailable, the court allowed one of the police officers, Lieutenant Gary Harmison, to testify as to statements made by the two unavailable witnesses. In an order dated May 3, 2011, the court found probable cause that the petitioner had committed the charged crimes and ordered the transfer of the petitioner to adult criminal jurisdiction pursuant to W. Va. Code § 49-5-10(d)(1) (2001).[2]

The petitioner was indicted on May 17, 2011, for first degree robbery, felony conspiracy to commit robbery, and burglary. He was arraigned on May 26, 2011, and a trial was set for September, 27 2011. At a status hearing on September 15, 2011, the parties advised the circuit court that a plea agreement had been reached, whereby the petitioner would plead no contest to the first degree robbery charge and the burglary charge. The circuit court accepted the plea and dismissed the conspiracy charge against him.

On December 15, 2011, the circuit court held the petitioner's sentencing hearing. The court sentenced the petitioner, then seventeen years old, to not less than one nor more than fifteen years for burglary and forty years for first degree robbery with the sentences to run concurrently. He was also ordered to pay restitution to Deborah Beckman. The sentencing order was entered on January 13, 2012. The petitioner now appeals that order. During the pendency of the appeal, his forty year sentence was reduced to thirty years by a February 27, 2013, order of the circuit court.

On appeal, the petitioner argues procedural errors relating to his transfer to adult criminal jurisdiction and error relating to his thirty-year sentence. First, in his brief, the petitioner argues that he was not present at the February 7, 2011, hearing; the February 11, 2011, hearing; and at the February 28, 2011, hearing, all of which he argues were critical stages of the criminal proceedings against him, pursuant to syllabus point 1, *State ex rel. Redman v. Hendrick*, 185 W. Va. 709, 408 S.E.2d 659 (1991) ("'The defendant

---

[2] W. Va. Code § 49-5-10 states, in pertinent part, "(d) The court shall transfer a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that: (1) The juvenile is at least fourteen years of age and has committed . . . the crime of robbery involving the use or presenting of firearms or other deadly weapons . . . ."

has a right under Article III, Section 14 of the *West Virginia Constitution* to be present at all critical stages in the criminal proceeding . . . .'" (In part) (internal citation omitted).). Upon review of the record and the assertions made by the petitioner's counsel during oral argument, this Court finds that, despite the claims to the contrary in his brief, the petitioner was present at all of the critical hearings in these proceedings.

Next, in his brief, the petitioner argued that the State's motion to transfer the petitioner's case to adult criminal jurisdiction was made in violation of W. Va. Code § 49-5-10 and Rule 20 of the W. Va. R. Juvenile P., which both require that a motion for transfer be made within eight days prior to the scheduled adjudicatory hearing. The petitioner's brief represented that the February 7, 2011, hearing was an adjudicatory hearing and that because the motion for transfer was filed after that hearing, it was not timely. The record clearly reflects that the February 7, 2011, hearing was a status hearing, and petitioner's counsel conceded this point during oral argument. Therefore, the Court finds no merit in this argument.

The petitioner's third argument is that the continuances granted on February 28, 2011, and March 16, 2011, were unjustified, and that the juvenile court's delay in holding the transfer hearing prejudiced the petitioner. "'A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion.' Syl. pt. 2, *State v. Bush*, 163 W.Va. 168, 255 S.E.2d 539 (1979)." Syl. pt. 2, *State v. Jason H.*, 215 W. Va. 439, 599 S.E.2d 862 (2004). The Court finds that the circuit court adequately justified the continuances and did not abuse its discretion by ordering them.

The petitioner further alleges that the juvenile court did not have probable cause to support the transfer to adult criminal jurisdiction, arguing that the finding of probable cause was based solely on the hearsay testimony of Lt. Harmison. We have held that "[w]here the findings of fact and conclusions of law justifying an order transferring a juvenile proceeding to the criminal jurisdiction of the circuit court are clearly wrong or against the plain preponderance of the evidence, such findings of fact and conclusions of law must be reversed. W.Va. Code, 49-5-10(a) [1977]." Syl. pt. 1, *State v. Bannister*, 162 W. Va. 447, 250 S.E.2d 53 (1978). Upon our review of the record, we find that it is unnecessary to analyze the testimony of Lt. Harmison, because probable cause existed even without his testimony: The Sherriff's Department received an anonymous tip naming "Georgie W." as being involved in the robbery; Deborah Beckman, Wendy Beckman, and Amy Edwards each described their assailants to the court, and the court was able to witness both the petitioner and Mr. Derr; Wendy Beckman and Amy Edwards testified that one of the men went directly to the location of the lockbox and immediately left after retrieving the lockbox; Deborah Beckman testified that the petitioner was an employee of the Beckmans and that he would have known about the lockbox, where it was, and that it contained cash; Elizabeth McClain testified that she discovered the drawing depicting the layout of the Beckman's home in one of the petitioner's school

4

books, and the drawing was admitted into evidence; and Ms. McClain also testified that around the 9th or 10th of December, 2010, the petitioner was in possession of a suspiciously large sum of cash, giving multiple inconsistent explanations of how he obtained it. Thus, the juvenile court's finding of probable cause was not error.

The petitioner's fifth argument is that his thirty-year sentence is unconstitutionally disproportionate to that of his co-defendant, Mr. Derr. The circuit court ordered that Mr. Derr complete the program at the Anthony Correctional Center,[3] and upon his completion of the program—successful or unsuccessful—the court would then sentence him to forty years for first degree robbery.[4] With regard to disproportionate sentences between codefendants, we have held,

> "Disparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse." Syllabus Point 2, in part, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984).

Syl. pt. 5, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004). It is clear from the record that the circuit court considered the differences between the two defendants and sentenced them accordingly. The court noted during Mr. Derr's sentencing that while Mr. Derr appeared remorseful, the petitioner did not, and the court also discussed its belief that Mr. Derr, unlike the petitioner, could be rehabilitated. Accordingly, we find no error in the circuit court's decision to sentence the two individuals differently.

The petitioner's sixth argument is that the circuit court abused its discretion by failing to sentence the petitioner pursuant to W. Va. Code § 49-5-13(f) (2012), which states, in pertinent part, "[I]f a juvenile charged with delinquency under this chapter is transferred to adult jurisdiction and there tried and convicted, the court *may* make its disposition in accordance with this section in lieu of sentencing such person as an adult." (Emphasis added). The petitioner produces no facts to support its abuse of discretion

---

[3] The Anthony Correctional Center primarily houses male and female offenders between the ages of eighteen and twenty-five. Offenders are committed for a term of six months to two years where they are required to enroll in educational programming designed to allow them successful re-entry into society upon their release.

[4] The petitioner's counsel represented during oral argument that Mr. Derr successfully completed the program at the Anthony Correctional Center and that he has since received a sentence of forty years which the circuit court has suspended.

argument, and upon our review of the record, we can find none. Therefore, we conclude that the circuit court did not abuse its discretion by sentencing the petitioner as an adult.

The petitioner's final assignment of error is that his sentence is unconstitutionally cruel and unusual. This Court has continually held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review." Syl. pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). The sentence the petitioner received was within the statutory limits, and the petitioner has not directed this Court to any facts on the record showing that the sentence was based on an impermissible factor. Instead, the facts show that the robbery took place eight days after the death of Deborah Beckman's husband, the robbery was executed with firearms, and the financial and emotional harm done to Deborah Beckman and her daughters is extensive. We find that by sentencing the petitioner to thirty years for first degree robbery the circuit court did not abuse its discretion.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6