## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0849** (Jackson County 11-F-104)

**Edward C. Frazier,**
**Defendant Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Kevin B. Postalwait, arises from the Circuit Court of Jackson County, wherein he was sentenced to a term of incarceration of one to five years following his guilty plea to one count of possession with intent to deliver a Schedule III controlled substance by order entered June 22, 2012. The State, by counsel Scott E. Johnson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the June 2011 term of court, petitioner was indicted by a Jackson County Grand Jury on seven counts of possession with intent to deliver a Schedule II controlled substance, one count of conspiracy to commit the offense of possession with intent to deliver a Schedule II controlled substance, and one count of possession with intent to deliver a Schedule III controlled substance. These charges stemmed from an incident in which petitioner was arrested with over 900 opiate tablets in his possession, which law enforcement estimated to be worth over $21,000. In March of 2012, petitioner entered into a plea agreement whereby he would plead guilty to possession with intent to deliver a Schedule III controlled substance. On June 18, 2012, the circuit court held a sentencing hearing, during which petitioner was sentenced to a term of incarceration of one to five years, and also ordered to pay a fine of $10,000. At the time of sentencing, petitioner had been on home incarceration as a condition of bail for a total of 538 days with no violations. The circuit court denied petitioner's request to serve his sentence on home incarceration and also denied him time-served credit for the 538 days on home incarceration. The circuit court specifically stated that it was denying the credit "[b]ased on the seriousness of the offense and all other circumstances of the case . . . ."

1

On appeal, petitioner alleges that the circuit court erred in denying him time-served credit for the 538 days he spent on home incarceration and in sentencing him to a period of incarceration of one to five years. In support, petitioner argues that his co-defendant, who was indicted on identical charges, was given credit for the time he served on home incarceration and that it was an abuse of discretion to deny him the same. Petitioner also alleges that he has an extremely limited criminal history, having only one prior arrest for petit theft. He also asserts his status as a disabled Navy veteran who served in the Vietnam War and his lengthy employment history as factors in favor of granting credit for his time served on home incarceration. Petitioner asks the Court to apply proportionality principles to this issue by comparing the sentence he actually received to the sentence that he would have been granted with time credit. According to petitioner, had the circuit court granted him credit for his time served, he would have been eligible for parole immediately upon his sentencing.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review, the Court finds no error in regard to petitioner's assignments of error. "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner was convicted of possession with intent to distribute a Schedule III controlled substance under West Virginia Code § 60A-4-401(a)(ii), which provides for both a term of incarceration of one to five years and a fine of up to $15,000. It is uncontroverted that petitioner was sentenced within these statutory limits, and his sentence is therefore not subject to review.

As to petitioner's argument that it was error to deny him credit for the time he served on home incarceration as a condition of bail, the Court finds no error. West Virginia Code § 62-11B-11(b) states that "[u]pon conviction of a person, the circuit court . . . may, in its discretion, grant credit for time spent on home incarceration as a condition of bail toward any sentence imposed, if the person is found to have complied with the terms of bail." Obviously, this statute provides circuit courts discretion in granting credit for time served and does not make such an award mandatory. Further, we have held that

> "[d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse." Syllabus Point 2, in part, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984).

Syl. Pt. 5, *State v. Jones*, 216 W.Va. 666, 610 S.E.2d 1 (2004). In the instant matter, the circuit court considered multiple factors differentiating petitioner from his co-defendant. Most importantly, the circuit court expressed disbelief as to petitioner's account of how the crime in question occurred, noting that he "takes absolutely no responsibility for his conduct." According

to the circuit court, petitioner stated that he came to be in possession of the large quantity of controlled substances when he picked up the wrong bag in Florida. Conversely, petitioner's co-defendant gave a statement to law enforcement in which he admitted that he and petitioner conspired to sell prescription pills and stated that he would take "whatever punishment" was given. Based upon these facts, the Court finds no error in the circuit court denying petitioner credit for time served while on home incarceration as a condition of bail.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II