# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 13-0768** (Greenbrier County 11-F-111 and 11-F-162)

**Keith R., Defendant Below, Petitioner**

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith R., by counsel Douglas Arbuckle, appeals the Circuit Court of Greenbrier County's June 25, 2013, order sentencing him to consecutive terms of incarceration following his guilty pleas to one count of sexual abuse by a parent, guardian, or custodian and one count of incest.[1] The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in considering an impermissible factor during sentencing and allowing one of the victims to make two separate victim impact statements.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, petitioner was indicted in Criminal Action No. 11-F-111 on three counts of sexual abuse by a parent, guardian, or custodian against one of his stepdaughters, who was a minor. Several months later, petitioner was indicted in Criminal Action No. 11-F-162 on fifteen counts of various sexual offenses against his other stepdaughter, also a minor, and against another unrelated minor female. These included five counts of incest; five counts of sexual abuse by a parent, guardian, or custodian; one count of first degree sexual assault; and four counts of third degree sexual assault.

On December 18, 2012, petitioner entered a plea agreement pursuant to *Kennedy v. Fraizer*, 178 W.Va. 10, 357 S.E.2d 43 (1987), wherein petitioner pled guilty to one count of sexual abuse by a parent, guardian, or custodian in Criminal Action No. 11-F-111 and one count

---

[1]In keeping with this Court's policy of protecting the identity of minors and the victims of sexual crimes, petitioner will be referred to by his last initial throughout the memorandum decision. *See, e.g., State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013) (per curiam); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

of incest in Criminal Action No. 11-F-162. As part of the agreement, the remaining counts from both indictments were dismissed. In February of 2013, the circuit court continued petitioner's original sentencing pending a sixty-day diagnostic evaluation at the Northern Correctional Center.

In June of 2013, the circuit court sentenced petitioner to a term of incarceration of ten to twenty years for one count of sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5 and a consecutive sentence of five to fifteen years for one count of incest in violation of West Virginia Code § 61-8-12. Additionally, the circuit court denied petitioner's motion for home incarceration and ordered that petitioner serve a period of ten years of supervised release following his incarceration. Petitioner was also required to register as a sex offender pursuant to West Virginia Code § 15-12-2. It is from this order that petitioner now appeals.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas,* 201 WVa. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James,* 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner raises two assignments of error. Petitioner first argues that his entry of a *Kennedy* plea barred the circuit court from considering whether he had accepted responsibility for the crimes during sentencing.

We first note that the record on appeal reveals that petitioner did not accept responsibility for his crimes. Petitioner's diagnostic evaluation states that petitioner believes that his stepdaughters fabricated these crimes as retaliation for divorcing their mother. Pursuant to *Kennedy v. Frazier*, "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." Syl. Pt. 1, *Kennedy v. Frazier,* 178 W.Va. at 10, 357 S.E.2d at 43. However, nothing in *Kennedy* precludes a court from considering at sentencing whether a defendant has accepted responsibility for his crimes. *Id*. Nor does petitioner cite to any law that precludes a court from considering this issue in sentencing. "This Court has identified remorse or the lack thereof as a factor to be taken into account by a trial judge when sentencing a defendant." *State v. Jones*, 216 W.Va. 666, 669, 610 S.E.2d 1, 4 (2004). Additionally, the record supports the circuit court's consideration of the seriousness of petitioner's crimes. Therefore, the circuit court did not err in considering whether petitioner had accepted responsibility for his crimes during sentencing.

Next, petitioner argues that the circuit court erred in permitting one of his victims to give a second victim impact statement during the sentencing hearing. In support of his position, petitioner alleges that this second statement was improper because the victim had previously given a victim impact statement at the hearing in February of 2013, and the State failed to notify

him of the second statement.[2] Petitioner's argument is based on West Virginia Code § 61-11A-2 which states, in part, that "the court shall permit the victim of the crime to appear before the court to make an oral statement for the record if the victim notifies the court of his or her desire to make such a statement after receiving notification provided in subsection (c) of this section."

We have previously held that "'[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *State v. Steven H.*, 215 W.Va. 505, 600 S.E.2d 217 (2004). Moreover, it is petitioner's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Here, the record is insufficient to determine if the victim properly notified the circuit court of her desire to make a statement prior to sentencing. Petitioner fails to cite to any case law in support of his position that a victim is prohibited from making more than one victim impact statement. Importantly, petitioner also failed to allege how the second statement affected his rights. See *State v. Marple,* 197 W.Va. 47, 51, 475 S.E.2d 47, 51 (1996) ("Even if we find the circuit court abused its discretion, the error is not reversible unless the defendant was prejudiced."). In this case, the record shows that the victim's two statements were substantially similar to each other and did not affect petitioner's rights. As such, we find no error in the circuit court's decision to allow a second victim impact statement.

For the foregoing reasons, the circuit court's June 25, 2013, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

FILED

released at 3:00 p.m.

RORY L. PERRY II, CLERK
SUPREME COURT OF
APPEALS

---

[2]The circuit court continued petitioner's original sentencing hearing to obtain additional information to aid in sentencing and ordered petitioner to undergo a sixty-day diagnostic evaluation at the Northern Correctional Center.