# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0573** (Berkeley County CC-02-2019-F-247)

**Evan O.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Evan O., by counsel Kevin D. Mills, appeals the Circuit Court of Berkeley County's June 22, 2021, order sentencing him to three concurrent terms of incarceration of ten to twenty years for his guilty pleas to three counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust.[1] Respondent State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in basing his sentence on an impermissible factor and in imposing a disproportionate sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2019, petitioner was indicted on forty-six counts stemming from his sexual victimization of his adopted daughters and a minor family friend. According to the indictment, these offenses took place over three decades, having commenced in 1992 and continued through 2014. Two of the victims gave detailed accounts of petitioner's frequent—sometimes daily—sexual abuse over a period of years, while the abuse of the third victim was more isolated, though no less egregious. Ultimately, petitioner entered into a plea agreement whereby he pled guilty to three counts of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

sexual abuse by a parent, guardian, custodian, or person in a position of trust. In exchange for his guilty pleas, the State agreed to a binding plea agreement that would require imposition of concurrent sentences of ten to twenty years of incarceration for each count. The agreement also contained terms concerning extended supervised release and petitioner's registration as a sex offender. However, petitioner reserved the right to argue for alternative sentencing, while the State reserved the right to oppose such a request.

In February of 2021, the circuit court accepted petitioner's guilty plea and ordered a presentence investigation report and a sex-offender risk assessment. Relevant to this appeal, petitioner's assessment contained the conclusion that petitioner "made statements suggesting that he was (at least internally) minimizing his own conduct" and that he "had not fully and constructively processed his offending behavior and the cognitive distortions that facilitated his offense conduct."

In June of 2021, the circuit court held a sentencing hearing, during which the State presented victim impact statements from several individuals. Petitioner presented testimony from several individuals in support of his request for alternative sentencing. During the hearing, the doctor who performed petitioner's risk assessment testified that petitioner failed to take full responsibility for his actions and, instead, placed blame for his actions elsewhere. The doctor based this conclusion, in part, upon petitioner's past attempts to convince one of the victims that the abuse did not occur by suggesting to the victim that he was "not sure if the [the victim was] imagining this" and making reference to her "false memories."

Ultimately, the circuit court sentenced petitioner to three terms of incarceration of ten to twenty years, to be served concurrently. The court also required petitioner to register as a sex offender for life and be subject to twenty years of supervision following his release from incarceration. It is from the sentencing order that petitioner appeals.

We have repeatedly expressed that our review of sentencing orders is limited. Indeed, we review sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citation omitted). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

With these parameters in mind, we first turn to petitioner's assertion that the circuit court based its sentence on an impermissible factor. According to petitioner, "[a]ny finding that [he] did not accept responsibility was a clear beyond peradventure abuse of discretion by the sentencing court" and that his alleged lack of remorse is not supported by the evidence. Simply put, we refuse to entertain petitioner's argument that the court's findings concerning his lack of remorse and acceptance of responsibility constitute an impermissible factor. "[T]he impermissible factors a court should not consider in sentencing include such matters as 'race, sex, national origin, creed, religion, and socioeconomic status . . . .'" *State v. Moles*, No. 18-0903, 2019 WL 5092415, *2 (W. Va. Oct. 11, 2019)(memorandum decision) (citing *U.S. v. Onwuemene*, 933 F.2d 650, 651 (8th Cir. 1991)). Here, petitioner makes no such allegations. Further, "this Court has identified remorse or the lack thereof as a factor to be taken into account by a trial judge when sentencing a

2

defendant." *State v. Jones*, 216 W. Va. 666, 669, 610 S.E.2d 1, 4 (2004). As such, it is clear that petitioner's lack of remorse was, in fact, exactly the type of factor the court was required to consider.

Having established that lack of remorse is an appropriate factor upon which to base a criminal sentence, we note that a "defendant has a due process right to be sentenced on the basis of accurate information." *State v. Bleck*, 243 W. Va. 293, 298, 843 S.E.2d 775, 779 (2020) (citation omitted). On appeal, petitioner disagrees with the circuit court's findings concerning his failure to accept responsibility or demonstrate remorse for his crimes. According to petitioner, he demonstrated remorse and responsibility for his crimes through his guilty plea and testimony. Petitioner also makes much of his "halting[]" allocution made "through genuine tears" to assert that the court's findings are in error. However, petitioner would have this Court view this limited evidence in a vacuum and ignore other probative evidence upon which the court based its findings. This includes petitioner's assertion that his crimes were "not as heinous as many crimes that come before this [c]ourt," his argument that his crimes were the "result of a genetic predisposition that he struggled against and failed to control," and the minimization of his decades of sex crimes against multiple minors by asserting that he "lived an exemplary life" helping the less fortunate. Petitioner also takes issue with the court's interpretation of letters he sent to one of his victims, claiming that he demonstrated contrition in that correspondence while the court ruled that the letters were an attempt to silence the victim. Ultimately, the court heard all of this evidence and resolved it against petitioner. We refuse to disturb the court's credibility determinations on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Accordingly, because petitioner cannot establish that he was sentenced upon inaccurate information, he cannot be entitled to relief.

In further support of this assignment of error, petitioner argues that the circuit court punished him for entering into the plea bargaining process and for failing to plead guilty at his arraignment before he had an opportunity to discover the State's case and determine whether any defense existed. This argument, however, misrepresents the record, as petitioner seizes upon limited portions of the transcript taken out of the context of the court's broader response to petitioner's assertion that his guilty plea constituted conclusive evidence of his remorse and acceptance of responsibility. In response to this argument, the court made reference to possible manners in which a defendant could demonstrate "the purest form of acceptance" of responsibility, including hypothetical situations in which petitioner could have pled guilty at his arraignment and how the court was "cognitive of the fact that more than accountability for one's actions[,] defendants are often interested and focused on minimizing their potential criminal exposure." Critically, petitioner ignores the court's explicit statement that it "will never punish anyone for exercising the constitutional right to assert their innocence." Further, after making the comments upon which petitioner predicates this argument, the court was clear that it "chose to withhold passing judgment as to the true motivation of [petitioner] pleading guilty to three counts that would limit him to a ten to [twenty] year exposure *until after his [allo]cution*." (Emphasis added). The court then went on to address the *exact* basis for its finding that petitioner refused to accept responsibility and was not remorseful, which consisted of observing petitioner during the sentencing hearing and listening closely to his allocution. It was only upon finding petitioner's

words and actions lacking that the court concluded that it "did not observe or perceive the level of contriteness, remorse, anguish and accountability that it expected to witness." As such, any argument that petitioner predicates on these limited portions of the sentencing transcript without consideration for the full context in which the comments were made cannot entitle him to relief. Moreover, petitioner ignores additional probative evidence on this issue, such as testimony from the doctor who completed petitioner's risk assessment in which she confirmed that petitioner had not fully accepted responsibility for his crimes. Accordingly, we find no merit to petitioner's argument.

Finally, in specific response to petitioner's assertion that his sentence is disproportionate, we have held that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Here, petitioner received the exact sentence set forth in West Virginia Code § 61-8D-5(a) governing sexual abuse by a parent, guardian, custodian, or person in a position of trust: a term of incarceration of "not less than ten nor more than twenty years." Thus, we decline to disturb his sentence on appeal. Concerning petitioner's request for an alternative to incarceration, "[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 3, *State v. Shaw*, 208 W. Va. 426, 541 S.E.2d 21 (2000) (citation omitted). Here, we find no such abuse of discretion, and conclude that petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn