**FILED**
**September 15, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0287** (Doddridge County CC-09-2021-F-21)

**David Eugene Eakle,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner David Eugene Eakle appeals the order of the Circuit Court of Doddridge County, entered on April 5, 2022, sentencing him to an effective term of 65 to 245 years of confinement in the state penitentiary.[1] Mr. Eakle asserts three assignments of error on appeal. He argues that the circuit court abused its discretion in declining to impose an alternative sentence, that the sentence is "disproportionate," and that he did not have effective assistance of counsel. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

In November 2021, Mr. Eakle entered an *Alford*/*Kennedy* plea of guilty to two counts of first-degree sexual assault in violation of West Virginia Code § 61-8B-3(a)(2); one count of first-degree sexual abuse in violation of West Virginia Code § 61-8B-7; and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust in violation of West Virginia Code § 61-8D-5(a), all based on charges of sexual misconduct involving his three-year-old and four-year-old family members.[2] Pursuant to his plea agreement, the State dismissed two additional

---

[1] Mr. Eakle appears by counsel David C. Glover. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General Gail V. Lipscomb.

[2] In *Kennedy v. Frazier*, 178 W. Va. 10, 12, 357 S.E.2d 43, 45 (1987), we explained:

The case of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) stands for the proposition that a guilty plea that represents a voluntary and intelligent choice among the alternatives available to a defendant is not coerced within the meaning of the Fifth Amendment simply because it was entered into to avoid the possibility of a significantly higher penalty. The Supreme Court held that there is no bar to imposing a prison sentence upon an accused who is unwilling to admit guilt but who is willing to waive trial and accept the sentence. An accused

1

counts of first-degree sexual assault and one additional count of sexual abuse by a parent, guardian, custodian, or person in a position of trust. Mr. Eakle affirmed at the plea hearing that he was aware of his exposure to the sentences set forth in statute. The State stood silent as to Mr. Eakle's sentence. Nevertheless, when Mr. Eakle requested alternative sentencing, the circuit court denied the request and imposed the statutory ranges prescribed for each of the crimes to which Mr. Eakle pled guilty.

We consider Mr. Eakle's first two assignments of error, both addressing the imposition of his penitentiary sentence, in tandem. Mr. Eakle argues that the circuit court abused its discretion in denying his request for alternative sentencing, and that the sentence the circuit court ultimately imposed was constitutionally disproportionate. Unless a sentence "violates statutory or constitutional commands," we review a court's imposition of a sentence for an abuse of discretion. Syl. Pt. 1, *State v. Lucas,* 201 W. Va 271, 496 S.E.2d 221 (1997). Still, "[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). That guideline is tempered, however, by the Eighth Amendment's "'proportionality principle: "Penalties shall be proportioned to the character and degree of the offence."' Syllabus point 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980)." Syl. Pt. 4, in part, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009). We apply two tests to evaluate the proportionality of a sentence. "The first is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further." *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983). The second is an objective inquiry, requiring us to give consideration "to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id*. (quoting Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981)).

Mr. Eakle argues that the circuit court in part based his sentence on his failure to take responsibility or express remorse for his conduct, and that this basis is punitive in light of his decision to enter his plea pursuant to *Alford/Kennedy*. Mr. Eakle offers no authority to support his argument. We, however, have addressed this issue. It is undisputed that "this Court has identified remorse or the lack thereof as a factor to be taken into account by a trial judge when sentencing a defendant." *State v. Jones*, 216 W. Va. 666, 669, 610 S.E.2d 1, 4 (2004). With this principle in mind, we have explained that "nothing in *Kennedy* precludes a court from considering at sentencing whether a defendant has accepted responsibility for his crimes." *State v. Arbough*, No. 15-0685, 2016 WL 4611188, at *2 (W. Va. Sept. 6, 2016) (memorandum decision) (quoting *State v. Keith R.*, No. 13-0768, 2014 WL 1686932, at *2 (W. Va. Apr. 28, 2014)(memorandum decision)). There is no basis to find that the circuit court abused its discretion by considering Mr. Eakle's failure to accept responsibility. Furthermore, in light of the extreme youth of the victims,

---

may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.

2

we find that Mr. Eakle's sentence does not shock the conscience, and he has failed to demonstrate that it is objectively unreasonable.

In his third assignment of error, Mr. Eakle argues that he was ill advised by counsel during plea negotiations and he, therefore, received ineffective assistance of counsel. We have explained that

> "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syllabus Point 10, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 9, *State v. Jako*, 245 W. Va. 625, 862 S.E.2d 474 (2021), *cert. denied sub nom. Jako v. W. Va.*, 142 S. Ct. 1680, 212 L. Ed. 2d 585 (2022). Mr. Eakle presents no reason that we should make an exception to consider his claim and we, therefore, decline to consider this assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3