# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0659** (Berkeley County 13-F-38)

**Derek Brichner, Defendant Below,
Petitioner**

**FILED**

March 16, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Derek Birchner, by counsel Stephanie E. Scales-Sherrin, appeals the Circuit Court of Berkeley County's June 5, 2014, order denying his motion to allow counsel to withdraw and motion for reduction of sentence. The State, by counsel Cheryl K. Saville, filed a response supporting the circuit court's order. On appeal, petitioner alleges that he received ineffective assistance of counsel and that the circuit court erred in denying his motions to allow counsel to withdraw and for reduction of sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2013, a Berkeley County Grand Jury indicted petitioner on two counts of sexual abuse in the first degree. In December of that same year, petitioner entered into a plea agreement whereby he would plead guilty, under *Kennedy* circumstances, to one count of first degree sexual abuse and the remaining count would be dismissed. *See Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987). Pursuant to the agreement, any penitentiary sentence would run concurrently to a sentence he was already serving for delivery of cocaine. The agreement also provided that the parties could argue for any legal sentence and required that petitioner register as a sex offender for life and submit to twenty years of supervised release. Petitioner entered his plea on December 5, 2013. During the hearing, the circuit court held a lengthy discussion with the parties concerning the plea agreement, including whether petitioner would undergo a physical, mental, and psychiatric study as required by West Virginia Code § 62-12-2(e) in order to be eligible for consideration of probation due to his conviction under West Virginia Code § 61-8B-7. Because petitioner was currently incarcerated on other charges, counsel was unsure if the Chief Public Defender would authorize the expenditure of funds for the evaluation, especially in light of the opinion that petitioner would be a highly unlikely candidate for probation. Ultimately, petitioner chose to move forward by entering his plea.

1

In January of 2014, the circuit court held a sentencing hearing. No evaluations were completed prior to the hearing, but petitioner did not object to proceeding with sentencing. The circuit court sentenced petitioner to a term of incarceration of five to twenty-five years for his conviction of first degree sexual abuse to run concurrently with the sentence he was already serving for a felony drug offense. Further, the circuit court ordered petitioner to register as a sex offender for life and imposed twenty years of supervised release. Thereafter, petitioner, by counsel, filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. In April of 2014, the circuit court held a hearing on petitioner's motion, during which he made oral motions, through counsel, for new counsel, a psychological evaluation, and resentencing for the circuit court to consider parole. The circuit court directed the parties to file supplemental briefing on these issues because they were not addressed in the motion for reduction of sentence. After receiving supplemental briefing, the circuit court entered an order in June of 2015 denying the motions for reduction of sentence and motion to allow counsel to withdraw. It is from this order that petitioner appeals.

As an initial matter, we observe that petitioner's ineffective assistance of counsel claims are not properly before this Court on a direct appeal. We addressed this issue in Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

*See State v. Smith*, 226 W.Va. 487, 493 n. 6, 702 S.E.2d 619, 625 n. 6 (2010) ("Because we do not address the defendant's proportionality arguments on the merits—other than concluding that it is not properly raised on direct appeal—the defendant is not barred from raising that issue in a petition for writ of *habeas corpus ad subjiciendum*."). Upon our review, we find that the record in this case is insufficient to address the merits of petitioner's ineffective assistance of counsel claims.

As to petitioner's allegation that the circuit court erred in denying his motions to allow counsel to withdraw and for reconsideration of sentence, we find no error. In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of

law and interpretations of statutes and rules are subject to a *de novo* review."
Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner's argument in support of this assignment of error is again couched in terms of ineffective assistance of counsel. Specifically, petitioner argues that the circuit court abused its discretion in denying his motions because he was not able to fulfill the terms of the plea bargain by arguing for the lawful sentence of probation absent the required evaluation. However, the Court finds no merit to this argument. In denying petitioner's motion for reduction of sentence, the circuit court did not abuse its discretion, especially in light of our prior holdings that "'[p]robation is a matter of grace and not a matter of right.' Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 3, *State v. Jones*, 216 W.Va. 666, 610 S.E.2d 1 (2004).

Moreover, we have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504(1982)." *State v. Slater*, 222 W.Va. 499, 507, 665 S.E.2d 674, 682 (2008). As noted above, petitioner was sentenced to a term of incarceration of five to twenty-five years for his conviction of first degree sexual abuse. Pursuant to West Virginia Code § 61-8B-7(c), a person convicted of first degree sexual abuse when the victim is less than twelve years old, as was the case herein, shall be imprisoned for a term of "not less than five nor more than twenty-five years . . . ." Petitioner's sentence for first degree sexual abuse does not exceed the statutory maximum and is, therefore, not reviewable on appeal.

Finally, the Court finds no merit in petitioner's argument that the circuit court abused its discretion in denying his motion to allow counsel to withdraw. Again, this argument is premised upon petitioner's allegation that trial counsel was ineffective. However, the Court finds that granting the motion below was unnecessary in light of the circuit court's denial of petitioner's motion for reduction of sentence. As such, we find no error.

For the foregoing reasons, the circuit court's June 5, 2014, order resentencing petitioner is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II