# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-1185** (Ritchie County 15-F-2)

**Melinda Helmick,**
**Defendant Below, Petitioner**

**FILED**

**September 6, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Melinda Helmick, by counsel Robin S. Bonovitch, appeals the Circuit Court of Ritchie County's November 19, 2015, order sentencing her to a term of incarceration of one to ten years following her guilty plea to one count of child neglect resulting in serious bodily injury. The State, by counsel Jonathan E. Porter, filed a response. On appeal, petitioner alleges that her sentence is unconstitutional because it is more severe than expected and disproportionate to the character and degree of the crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the January of 2015 term of court, petitioner was indicted on one count of child neglect resulting in serious bodily injury, one count of child neglect resulting in bodily injury, and one count of driving under the influence of a controlled substance causing bodily injury.

Following a non-binding plea agreement between the parties, petitioner entered a guilty plea to one count of child neglect resulting in serious bodily injury in August of 2015, and the State dismissed the remaining charges. Thereafter, in September of 2015, petitioner's probation officer moved to revoke her bond after petitioner tested positive for benzodiazepines and failed to provide the officer with a valid prescription. Petitioner also admitted to consuming other controlled substances without a valid prescription. Additionally, the probation officer obtained evidence that petitioner attempted to flush her system in order to avoid detection during her drug screen. Moreover, the probation officer also obtained evidence of petitioner's involvement in recent drug transactions.

In October of 2015, the circuit court held a sentencing hearing, during which it denied petitioner's motion for alternative sentencing. Ultimately, the circuit court sentenced petitioner to a term of incarceration of one to ten years. It is from the sentencing order that petitioner appeals.

We have previously held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Moreover, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 2, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009).

On appeal to this Court, petitioner does not allege that her sentence exceeds the bounds of the applicable statute. On the contrary, the record clearly shows that petitioner was sentenced within the applicable statutory limits, as West Virginia Code § 61-8D-4(b) provides that any person found guilty of child neglect resulting in serious bodily injury "shall be . . . imprisoned in a state correctional facility for not less than one nor more than ten years . . . ." Moreover, petitioner does not allege that the circuit court based this sentence on any impermissible factor. Instead, petitioner argues only that the circuit court abused its discretion in denying her request for alternative sentencing. Simply put, this does not constitute an impermissible factor that would entitle petitioner to appellate review. Further, we have held that "'[p]robation is a matter of grace and not a matter of right.' Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 3, *State v. Jones*, 216 W.Va. 666, 610 S.E.2d 1 (2004). Accordingly, we find no abuse of discretion in the circuit court denying petitioner's motion for alternative sentencing and, similarly, we find no error in the circuit court's sentence.

For the foregoing reasons, the circuit court's November 19, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II