# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0352** (Wirt County 15-F-2)

**Brian Richard Wilson,**
**Defendant Below, Petitioner**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian Richard Wilson, by counsel G. Bradley Frum, appeals the Circuit Court of Wirt County's March 15, 2016, order sentencing him to a term of incarceration of one to five years for his conviction of one count of unlawful assault. The State, by counsel Nic Dalton, filed a response. On appeal, petitioner argues that the circuit court erred in denying his request for alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, petitioner shot his neighbor in the thigh with a pellet gun after the two engaged in an argument. The pellet penetrated the victim's upper thigh near the groin, which required treatment at a local hospital. According to respondent, the victim could have died had the pellet struck him an inch or two in either direction, as it could have struck the femoral artery. Following his indictment on one count of malicious assault, petitioner failed a drug test while on bond. Eventually, petitioner pled guilty to one count of unlawful assault.

The circuit court held its first sentencing hearing in December of 2015. At that time, the circuit court continued sentencing until February of 2016 to allow petitioner an opportunity to maintain sobriety in support of his request for alternative sentencing. After continuing the February of 2016 hearing due to inclement weather, the circuit court held the continued sentencing hearing in March of 2016. At the hearing, the circuit court heard evidence that petitioner passed three drug tests over a period of sixty days. Accordingly, petitioner argued for the imposition of alternative sentencing in the form of either probation or home incarceration. However, the circuit court declined to impose alternative sentencing and, instead, sentenced petitioner to a term of incarceration of one to five years. According to the circuit court, it based the decision upon petitioner's extensive criminal history, which includes a conviction for

1

robbery, and the fact that he previously had both probation and home incarceration revoked, among other factors. It is from the sentencing order that petitioner appeals.

We have previously held that "[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Moreover, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 2, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009).

On appeal to this Court, petitioner does not allege that his sentence exceeds the bounds of the applicable statute. On the contrary, the record clearly shows that petitioner was sentenced within the applicable statutory limits, as West Virginia Code § 61-2-9(a) provides that any person found guilty of unlawful assault "shall . . . be in a state correctional facility not less than one nor more than five years." Petitioner does argue, however, that the circuit court inappropriately based its sentence on the allegation that he fired a second shot at the victim. According to petitioner, this was an inappropriate factor upon which to base his sentence because it was contradicted by petitioner, a witness, and law enforcement's investigation. The Court does not agree. While the record shows that there is conflicting evidence regarding this issue, it is clear that the victim stated that petitioner fired a second shot. This information was contained in the presentence investigation report and does not constitute an impermissible factor upon which to base sentencing.

Petitioner further argues that the circuit court abused its discretion in denying his request for alternative sentencing because his robbery conviction was remote and he established his ability to comply with the terms of an alternative sentence by providing negative drug screens. However, petitioner cites to no authority that would bar the circuit court from considering his robbery conviction simply because it occurred twenty years before his current conviction. Moreover, petitioner ignores the fact that the circuit court also considered that in separate criminal proceedings, petitioner was sentenced to probation and home incarceration, respectively, and both were revoked due to his inability to comply with the terms thereof. Simply put, none of the arguments petitioner asserts on appeal show that the circuit court relied upon an impermissible factor in imposing its sentence. Accordingly, petitioner is not entitled to appellate review. Further, we have held that "'[p]robation is a matter of grace and not a matter of right.' Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 3, *State v. Jones*, 216 W.Va. 666, 610 S.E.2d 1 (2004). As such, we find no abuse of discretion in the circuit court denying petitioner's request for alternative sentencing and, similarly, we find no error in the circuit court's sentence.

For the foregoing reasons, the circuit court's March 15, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker