# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## JANUARY 2019 TERM

_____

No. 17-1001

_____

FILED

**May 17, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER H.,**
Petitioner Below, Petitioner

**V.**

**MICHAEL MARTIN, ACTING SUPERINTENDENT,
HUTTONSVILLE CORRECTIONAL CENTER,**
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Monroe County
The Honorable Robert Irons, Judge
Civil Action No. 13-C-82

**AFFIRMED**

_____

Submitted: March 6, 2019
Filed: May 17, 2019

Matthew Brummond
Public Defender Services
Charleston, West Virginia
Attorney for Petitioner

Patrick Morrisey
Attorney General
Elizabeth Grant
Assistant Attorney General
Shannon Frederick Kiser
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent

JUSTICE JENKINS delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review.  We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review."  Syllabus point 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

2.      "Probation is a matter of grace and not a matter of right."  Syllabus point 3, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004).

3.      "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

4. "In deciding ineffective . . . assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syllabus point 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

**Jenkins, Justice:**

Petitioner Christopher H.[1] herein appeals the October 18, 2017 order of the Circuit Court of Monroe County denying his petition for writ of habeas corpus.[2] Christopher H. contends that he is entitled to habeas relief because he was denied due process and effective assistance of trial counsel when he did not receive a sex offender evaluation pursuant to West Virginia Code § 62-12-2(e) (LexisNexis 2014).[3] The State responds and asserts that the circuit court did not err. Having considered the briefs submitted on appeal, the appendix record, the parties' oral arguments, and the applicable legal authority, we find no error. Accordingly, we affirm the circuit court's order.

---

[1] It is this Court's customary practice in cases involving sensitive facts to refer to parties by their initials rather than by their given names. *See In re Jeffrey R.L.*, 190 W. Va. 24, 26 n.1, 435 S.E.2d 162, 164 n.1 (1993).

[2] In the original petition for habeas corpus, the Respondent was styled as *Marvin Plumley, Warden, Huttonsville Correctional Center.* Once appealed, the Respondent was re-styled: *Michael Martin, Acting Warden, Huttonsville Correctional Center.* However, effective July 1, 2018, the correctional facility positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3 (LexisNexis 2018). For this reason, the Respondent has been styled as *Michael Martin, Acting Superintendent, Huttonsville Correctional Center* for purposes of this Opinion. Additionally, Mr. Martin, who now holds this position at Huttonsville, has been substituted for Mr. Plumley. *See* W. Va. R. App. P. 41(c) (addressing substitution of parties who are public officials).

[3] For the full text of West Virginia Code § 62-12-2(e) (LexisNexis 2014), *see* Section III, *infra*.

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

In August of 2012, Christopher H. pleaded guilty to one count of sexual abuse by a parent.[4] *See generally* W. Va. Code § 61-8D-5 (LexisNexis 2014) (defining crime of sexual abuse by a parent). At the plea hearing, Christopher H. was told that the statutory sentence for this offense was an indeterminate term of ten to twenty years in prison unless the court ordered probation. The court also advised Christopher H. that it had no discretion to grant probation unless he received a satisfactory sex offender evaluation stating he could receive treatment in the community. Once the court accepted his guilty plea, Christopher H.'s counsel advised the circuit court that he had spoken with Christopher H. about his right to a sex offender evaluation under West Virginia Code § 62-12-2(e),[5] and that Christopher H. was "pretty adamant that he wanted to waive those rights." The Court verified with Christopher H., and he acknowledged that he wished to waive the evaluation because he was "financially unable to do anything otherwise." Citing his own indigence as a reason for waiving said evaluation, Christopher H. was not informed by the court, or his own counsel, that such an evaluation could be provided at no cost to him. *See* W. Va. Trial Ct. R. 35.05 (requiring West Virginia Department of Health and Human Resources to pay for evaluations conducted pursuant to W. Va. Code § 62-12-2(e)). Nothing further was mentioned regarding Christopher H.'s indigence, and the court

---

[4] Christopher H. allegedly engaged in oral sex with his daughter.

[5] *See supra* note 3.

proceeded to sentencing. Christopher H. was sentenced to "not less than ten nor more than twenty years in prison" in accordance with the statutory sentencing provisions. *See* W. Va. Code § 61-8D-5 (establishing sentence for crime of sexual abuse by a parent).

Christopher H. never directly appealed his sentence; however, in November of 2013, he filed a pro se petition for a writ of habeas corpus. He was then appointed counsel, and an amended petition was filed with two grounds raised for relief: (1) due process violations and (2) ineffective assistance of counsel. Both of these grounds were based on his allegation that neither his attorney nor the circuit court informed him that the State would have provided the sex offender evaluation at no cost to him. *See* W. Va. Trial Ct. R. 35.05.

At the hearing on Christopher H.'s petition for a writ of habeas corpus, he sought the relief of undergoing a sex offender evaluation and having a new sentencing hearing, if necessary. By order entered October 18, 2017, the circuit court denied Christopher H.'s petition for habeas relief finding that even a favorable evaluation would not mitigate his sentence, and, given the severity of his crime, probation would be grossly lenient. Further, the court determined that because its sentencing decision was based on the "heinous nature" of Christopher H.'s crime, "entirely independent of the fact that [he] was indigent," fundamental notions of fairness were not violated. As for his claim of ineffective assistance of counsel, the court simply found that he was not entitled to relief as he suffered no harm because the sentence imposed by the court would be the same

3

regardless of the outcome of an evaluation.  It is from the circuit court's denial of his

petition for writ of habeas corpus that Christopher H. now appeals.


## II.

## STANDARD OF REVIEW

This Court reviews appeals of circuit court orders denying habeas corpus

relief under the following standard:

> In reviewing challenges to the findings and conclusions
> of the circuit court in a habeas corpus action, we apply a three-
> prong standard of review.  We review the final order and the
> ultimate disposition under an abuse of discretion standard; the
> underlying factual findings under a clearly erroneous standard;
> and questions of law are subject to a *de novo* review.

Syl. pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).  With this standard

in mind, we now address the issues presented.


## III.

## DISCUSSION

The instant proceeding is before this Court upon Christopher H.'s appeal

from the circuit court's order denying him habeas relief.  Christopher H. based his habeas

corpus petition on the State's failure to provide a sex offender evaluation to him when he

said he could not afford to pay for one, even though he never asked for such an evaluation or requested that one be provided at no cost to him.

Pursuant to West Virginia Code § 62-12-2(e), a sex offender evaluation is a prerequisite to consideration for probation for certain crimes, including the offense of which Christopher H. was convicted:

> In the case of any person who has been found guilty of, or pleaded guilty to, a violation of the provisions of section twelve [§ 61-8-12], article eight, chapter sixty-one of this code, the provisions of article eight-c [§§ 61-8C-1 et seq.] or eight-b [§§ 61-8B-1 et seq.] of said chapter, or under the provisions of section five [§ 61-8D-5], article eight-d of said chapter, such person shall only *be eligible for probation* after undergoing a physical, mental and psychiatric study and diagnosis which shall include an on-going treatment plan requiring active participation in sexual abuse counseling at a mental health facility or through some other approved program[.]

(Emphasis added).

In rendering its ruling denying habeas relief, the circuit court rejected Christopher H.'s argument that denying him an evaluation under West Virginia Code § 62-12-2(e) denied his right to due process:

> Based on a review of the pleadings presented by the parties, the Court is not persuaded by the arguments set forth by Petitioner in support of his Petition for Writ of Habeas Corpus. Because Petitioner plead [sic] guilty to engaging in sexual intercourse with his biological daughter who was under his care, custody and control, the severity and heinous nature of the criminal act warranted the administration of the maximum penalty under the law. The justification for the aforesaid sentence would not have been mitigated even by a

favorable sexual offender evaluation because probation is a grossly lenient sentence given the details involved in Petitioner's felony case. Given this sentencing determination made at the discretion of the Court, Petitioner's argument that fundamental notions of fairness were violated is rejected, as the sentence was determined entirely independent of the fact that the Petitioner was indigent.

The circuit court also found that Christopher H. had not demonstrated ineffective assistance of trial counsel, ruling as follows:

Further, the Court rejects the Petitioner's second argument that he was deprived of effective assistance of counsel. Even if the failure of Petitioner's counsel to inform him of his right to obtain a sexual offender evaluation at State expense fell below a reasonable standard of professional competence, the inaction fails to satisfy the second prong of [*State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), which adopted *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] because, as stated above, the outcome of the case would not have been different.

On appeal, Christopher H. argues that the denial of the sex offender evaluation amounts to a deprivation of due process as well as ineffective assistance of counsel. The State responds by arguing that the circuit court did not err by rejecting Christopher H.'s due process argument or by finding that his trial counsel provided him effective representation.

With respect to Christopher H.'s first assignment of error alleging that the denial of a sex offender evaluation effectively denied his right to due process, we reject this contention. Christopher H. has not demonstrated a deprivation of due process insofar

as probation, the alternative sentence that he might have received had he undergone a sex offender evaluation, is not guaranteed, but, rather, is solely a matter of grace within the circuit court's discretion. As to this point, we have held that "[p]robation is a matter of grace and not a matter of right." Syl. pt. 3, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004). In other words, "a defendant convicted of a crime has no absolute right to probation." *State v. Loy,* 146 W. Va. 308, 318, 119 S.E.2d 826, 832 (1961). This is so because "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." Syl. pt. 2, *State ex rel. Strickland v. Melton,* 152 W. Va. 500, 165 S.E.2d 90 (1968). This is so because "probation [i]s 'simply one of the devices of an enlightened system of penology which has for its purpose the reclamation and rehabilitation of the criminal.'" *Id.*, 152 W. Va. at 506, 165 S.E.2d at 94. Accordingly, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997). *See also* W. Va. Code § 62-12-3 (LexisNexis 2014) (granting court discretion to suspend sentence and release offender on probation); *Duke*, 200 W. Va. at 364, 489 S.E.2d at 746 ("W. Va. Code § 62-12-3 specifies the discretionary nature of the circuit court's authority to suspend either the imposition or execution of a sentence of incarceration and to place the defendant on a period of probation[.]"); *State v. Miller*, 172 W. Va. 718, 720, 310 S.E.2d 479, 481 (1983) ("[T]he matter of probation is within the sound discretion of the trial court."). In light of the foregoing authorities, we find that Christopher H.'s first assignment of error has no merit, and the circuit court did not err by denying him habeas relief in this regard.

Christopher H. additionally argues that he was denied effective assistance of trial counsel because he was not informed that the State would provide him a sex offender evaluation at no cost to him. However, because we agree with the circuit court's conclusion that, given the egregious nature of his underlying offense the result of his sentencing proceedings would not have been different, we also find that Christopher H. is not entitled to habeas relief on this basis.

> In West Virginia,
>
> > claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). To prevail under the second prong of this test, a defendant must "demonstrate prejudice" and "prove there is a 'reasonable probability' that, absent the errors, the [proceedings] would have reached a different result." *Id.* at 15, 459 S.E.2d at 126 (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d 674). Further, as this Court held in *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995):

> In deciding ineffective . . . assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.

Syl. pt. 5, *Legursky*, 195 W. Va. 314, 465 S.E.2d 416.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the United States Supreme Court applied the *Strickland* test to a conviction based upon a defendant's guilty plea. The Supreme Court explained that the second prong of the test regarding prejudice

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59, 106 S. Ct. at 370, 88 L. Ed. 2d 203. *Accord Slonaker v. Minnix*, No. 13-0474, 2014 WL 1673029 (W. Va. Apr. 25, 2014) (memorandum decision).

During the August 20, 2012 plea hearing, Christopher H. pleaded guilty to engaging in sexual intercourse with his daughter who was under his care, custody, and control. Then, when the circuit court inquired about a possible date for sentencing, Christopher H.'s counsel noted that Christopher H. *wished to proceed directly to sentencing*. Specifically, his counsel stated that he had discussed with Christopher H. his rights to a sex offender evaluation, but that Christopher H. was "pretty adamant" that he wished to waive such evaluation. Moreover, when questioned by the court, Christopher H. said that he was "financially unable to do anything otherwise."

Pursuant to West Virginia Code § 62-12-2(e), anyone guilty of sexual offenses *shall be eligible* for probation *only* after undergoing a sex offender evaluation. Furthermore, Rule 35.05 of the West Virginia Trial Court Rules requires the West Virginia Department of Health and Human Resources to pay for such an evaluation, but such information does not appear to have been communicated to Christopher H. because he claims he refused an evaluation under the mistaken belief that he would have to pay for it. Christopher H. does not claim that, but for his counsel's allegedly defective representation, he would not have pleaded guilty. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370, 88 L. Ed. 2d 203. Instead, Christopher H. contends that, but for his mistaken belief that he would have to pay for the sex offender evaluation, himself, "his sentence could have been mitigated by a sexual offender evaluation," and, thus, a different outcome would have been achieved because the evaluation could have rendered him eligible to be considered for probation. We disagree.

As noted previously, a claim of ineffective assistance of counsel may be defeated by the failure to prove either prong of the *Strickland/Miller* test. *See* Syl. pt. 5, *Legursky*, 195 W. Va. 314, 465 S.E.2d 416. *See also* Syl. pt. 5, *Miller*, 194 W. Va. 3, 459 S.E.2d 114 ("In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceedings would have been different.").

Here, though, Christopher H. has failed to prove the second prong of the *Strickland/Miller* test: but for his counsel's deficient performance, the outcome of his case would have been different.

At the outset, we note that Christopher H. has not claimed that he would have changed his guilty plea but for his counsel's allegedly ineffective representation. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370, 88 L. Ed. 2d 203. Accordingly, we find that Christopher H. has not satisfied the prejudice requirement of the second prong of the *Strickland*/*Miller* test by showing that the outcome of the plea proceedings would have been different, and, thus, the circuit court correctly denied habeas relief on this basis.

Instead, Christopher H. argues that his counsel's allegedly ineffective representation negatively affected the ultimate sentence that he received for his crime. The crime under West Virginia Code § 61-8D-5 that Christopher H. admitted to committing against his own daughter was abhorrent and in a category of the most loathsome of crimes. At the time of sentencing, the circuit court was presented with two options for Christopher H.'s sentence: probation or incarceration. The circuit court sentenced Christopher H. to incarceration, and, while presiding over his habeas proceeding, observed that, because "the severity and heinous nature of [Christopher H.'s] criminal act warranted

11

the administration of the maximum penalty," the results of the proceeding would not have been different even if Christopher H. had undergone a sex offender evaluation. Thus, it is apparent that the court would have sentenced Christopher H. to a period of incarceration regardless of the outcome or favorability of any diagnostic evaluation. Given that the only other possible outcome would have been an extremely lenient sentence in the form of probation, which the circuit court said it would not have granted, Christopher H.'s contention that the circuit court's finding was "entirely speculative" is not supported by the record evidence.

Under *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771, we view the findings of the lower court under a presumption of correctness, and may only reverse the decision of the court if we find that the court abused its discretion or made a clearly erroneous finding of fact. Based upon Christopher H.'s failure to prove that he was denied fundamental fairness amounting to a deprivation of due process by his failure to undergo a sex offender evaluation, or that the outcome of his sentencing hearing would have been different so as to establish a claim of ineffective assistance of counsel, this Court finds that the habeas court's order should be affirmed.

12

**IV.**

**CONCLUSION**

For the reasons set forth above, we affirm the October 18, 2017 order of the Circuit Court of Monroe County denying Christopher H.'s petition for writ of habeas corpus.

Affirmed.