# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-1040** (Randolph County 18-F-90)

**Emily Ann Swecker,**
**Defendant Below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Emily Ann Swecker, by counsel Melissa T. Roman, appeals the Circuit Court of Randolph County's October 25, 2018, sentencing order. Respondent State of West Virginia, by counsel Scott E. Johnson, submitted a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on three counts of delivery of a controlled substance, a felony, in violation of West Virginia Code § 60A-4-401(a)(ii) on June 26, 2018. She entered into a plea agreement with the State whereby she agreed to plead guilty to two counts of delivery of a controlled substance. In return, the State agreed to dismiss the remaining count in the indictment and additional criminal charges pending against petitioner in Randolph County. Further, the State agreed to remain silent with regard to sentencing.

After the entry of petitioner's plea, the probation officer completed a pre-sentence investigation ("PSI") report on petitioner. That PSI report addressed not only the two counts to which petitioner pled guilty, but a lengthy adult criminal history. In her written statement, petitioner admitted to possessing and selling "meth," stating that while the "meth epidemic in Elkins is terrible . . . that is no excuse . . . ." The PSI report further addressed her outstanding court costs and fines, totaling almost $8,000. With regard to employment, the PSI report provided that drug sales provided her with income for several years "and the money she made was so good she never felt the need to obtain legitimate employment." The probation officer concluded that petitioner displayed little empathy or remorse for her impact on the community and characterized petitioner as "almost proud of her accomplishments as a drug dealer." He also found that petitioner had not stated her desire to lead a life free of crime and that her actions in this case, years of drug dealing, and criminal history show that fact clearly. One investigating and/or arresting officer recommended to the circuit court that petitioner receive a split sentence of confinement followed

1

by probation, while another recommended confinement in a jail or prison.

During the sentencing hearing, the circuit court heard petitioner's statement and the argument in favor of alternative sentencing by petitioner's counsel. It recognized not only the charges that had been dismissed as a result of the plea agreement, but also the pending felony charges in another county and convictions for a variety of offenses in several West Virginia counties. The circuit court noted that petitioner was not a candidate for the drug court program because that program does not permit the participation of those convicted of distribution charges. By order entered October 25, 2018, petitioner was sentenced to a term of one to five years of incarceration for each offense of delivery of a controlled substance in violation of West Virginia Code § 60A-4-401(a)(ii). The circuit court ordered that the two sentences run consecutive to one another and that petitioner enroll and participate in the Residential Substance Abuse Treatment for State Prisoners Program ("RSAT") through the West Virginia Division of Corrections and Rehabilitation.[1] Petitioner appeals from that order.

At the outset, we note that this Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Further, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

Petitioner argues that the circuit court erred by denying her request for probation or, alternatively, home confinement. In support of her argument, petitioner asserts that her five months of incarceration have "rehabilitated her character" and that she does not pose a risk to the community. Despite the probation officer's findings to the contrary, petitioner argues that she was remorseful for her actions and demonstrated acceptance of responsibility, including acknowledging the harm she caused to her family and community.

As this Court recently set forth:

[W]e have held that "[p]robation is a matter of grace and not a matter of right." Syl. pt. 3, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004). In other words, "a defendant convicted of a crime has no absolute right to probation." *State v. Loy,* 146 W. Va. 308, 318, 119 S.E.2d 826, 832 (1961). This is so because "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." Syl. pt. 2, *State ex rel. Strickland v. Melton,* 152 W. Va. 500, 165 S.E.2d 90 (1968). This is so because "probation [i]s 'simply one of the devices of an enlightened system of penology which has for its purpose the reclamation and rehabilitation of the criminal.' " *Id.*, 152 W. Va. at 506, 165 S.E.2d at 94. Accordingly, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's

---

[1] On or about December 17, 2018, petitioner submitted a Rule 35(b) motion for reconsideration of her sentence, again requesting an alternative sentence of probation and/or home incarceration or an order changing her sentences from consecutive to concurrent. On December 21, 2018, the circuit court entered its order denying that motion.

discretion." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997). *See also* W. Va. Code § 62-12-3 (LexisNexis 2014) (granting court discretion to suspend sentence and release offender on probation); *Duke*, 200 W. Va. at 364, 489 S.E.2d at 746 ("W. Va. Code § 62-12-3 specifies the discretionary nature of the circuit court's authority to suspend either the imposition or execution of a sentence of incarceration and to place the defendant on a period of probation[.]"); *State v. Miller*, 172 W. Va. 718, 720, 310 S.E.2d 479, 481 (1983) ("[T]he matter of probation is within the sound discretion of the trial court.").

*Christopher H. v. Martin*, 241 W. Va. 706, __, 828 S.E.2d 94, 98 (2019). During the sentencing hearing, the circuit court addressed petitioner's criminal history, spanning several West Virginia counties, including felony charges pending in other counties at the time of petitioner's sentencing. It considered the findings and recommendations of the probation officer and law enforcement officers. The circuit court also heard argument from petitioner's counsel and a statement from petitioner, and it carefully considered all of the above. Accordingly, we find that the circuit court did not abuse its discretion in denying petitioner's motion for alternative sentencing.

Petitioner's second assignment of error is that the circuit court erred by imposing consecutive sentences, rather than concurrent sentences. She argues that while her offenses are serious in nature, there was not a great impact on the community so the crimes did not warrant the imposition of consecutive sentences. Therefore, she contends that the imposition of such sentences was overly harsh and disproportionate to her conviction.

West Virginia Code § 60A-4-401(a)(ii) provides for a penalty of imprisonment "for not less than one year nor more than five years, or fined not more than fifteen thousand dollars, or both." This Court has long-recognized that when a defendant receives multiple convictions, a circuit court judge has wide discretion in deciding whether to impose concurrent or consecutive sentences. *See State v. Allen*, 208 W. Va. 144, 155, 539 S.E.2d 87, 98 (1999); Syl. Pt. 3, *Keith v. Leverette,* 163 W. Va. 98, 254 S.E.2d 700 (1979) ("When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively."). Additionally, it has been recognized that "'[c]onsecutive sentences are an appropriate mechanism for imposing a distinct punishment for each of two criminal acts.'" *State v. Holcomb,* 178 W. Va. 455, 462, 360 S.E.2d 232, 239 (1987) (quoting *United States v. Lustig,* 555 F.2d 751, 753 (9th Cir. 1977)). Petitioner's sentences were within statutory limits. Further, as set forth above, the circuit court considered a number of factors in imposing petitioner's sentence. Therefore, this Court concludes that the circuit court acted within its discretion in imposing consecutive sentences and that such sentences are not excessive or cruel and unusual punishment. Thus, we find that there is no merit to petitioner's second assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison