**FILED**

**August 27, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0154** (Mercer County 19-F-151-WS)

**Daniel Joe Southern,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Daniel Joe Southern, by counsel E. Raeann Osborne, appeals the February 10, 2020, order of the Circuit Court of Mercer County sentencing him to an indeterminate one-to-five-year term of incarceration for a felony conviction of possession with intent to deliver a schedule II non-narcotic. The State of West Virginia, by counsel Andrea Nease-Proper, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in sentencing him based upon the court's personal opinion and bias.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On or about September 6, 2018, the Princeton Police Department conducted a prostitution sting with a confidential informant. Petitioner approached the informant and offered her money in exchange for sexual intercourse, at which point police officers removed petitioner from his vehicle and arrested him. The arresting officers searched petitioner and discovered three plastic bags and one orange vial containing, in total, two hundred and sixty-two pills, which were later identified as oxycodone, hydrocodone, and methadone. In June of 2019, petitioner was indicted on one count of solicitation of prostitution and three counts of possession with intent to deliver a schedule II narcotic.

In December of 2019, the parties presented a "best interest" plea agreement to the circuit court.[1] Petitioner agreed to plead guilty to one count of possession with the intent to deliver a schedule II non-narcotic drug. In exchange, the State agreed to dismiss the remaining counts of the indictment and agreed not to oppose petitioner's motion for a deferred adjudication. The agreement set forth petitioner's possible sentences, which included the statutory one-to-five-year term of incarceration. The circuit court accepted petitioner's guilty plea, ordered a presentence investigation ("PSI") report, and set the date for sentencing.

The PSI report reflects that petitioner frankly discussed his history of drug addiction, recovery, and relapse with the officer conducting the interview. However, the PSI report notes that petitioner failed to provide a urine sample on the date of his guilty plea and that petitioner did not report any physical problems hindering his ability to provide a urine sample. Petitioner was instructed to return and submit to a urine drug screen when possible, but he never did so. Finally, on the date of petitioner's interview for the PSI report, he again stated that he was unable to provide a urine sample.

The circuit court held the sentencing hearing in February of 2020. Petitioner's counsel argued that petitioner's last conviction was nearly twenty-five years earlier and that he had no prior history of drug-related criminal charges. Counsel argued that petitioner had a combination of his daily medication and his wife's medication on his person at the time of his arrest, although it was not in the prescription bottle. Petitioner's counsel requested a deferred adjudication and probation. Petitioner was granted allocution but made no statement on his own behalf.

The circuit court observed that petitioner had two hundred and sixty-two pills on his person at the time of arrest and that he was prescribed an "inordinate amount of narcotics." The circuit court further considered that petitioner obtained his prescriptions in South Carolina. To the court, that fact "thr[e]w[] up a red flag," and it reasoned, "[I]t looks to me like [petitioner is] doctor shopping." The circuit court expressed further concern that petitioner repeatedly failed to submit a urine screen, which would have confirmed whether he was using his medication as prescribed. Ultimately, the circuit court rejected the notion that the drugs on petitioner's person at the time of arrest were for his personal use and surmised that petitioner was "a drug dealer. Plain and simple, he's dealing drugs." The court further reasoned that to place petitioner on probation "would be a joke because [petitioner is] just too big of a drug dealer for the [c]ourt to ignore this." The court also stated, "You can't do probation if you can't [urinate] in a cup."

---

[1] We have found that "best interest plea" is a local term of art used in Mercer County for a plea entered pursuant to Syllabus Point 1 of *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), in which we held that a defendant who does not admit guilt may enter a guilty plea if he determines that it is in his best interest to do so. *State v. Shrader*, 234 W.Va. 381, 384 n.5, 765 S.E.2d 270, 273 n.5 (2014).

*Carl T. v. Ballard*, No. 15-0649, 2016 WL 3193467, at *1 (W. Va. June 3, 2016) (memorandum decision).

The circuit court denied petitioner's motion for alternative sentencing or deferred adjudication and sentenced him to an indeterminate one-to-five-year term of incarceration. In doing so, the circuit court found that petitioner was a substantial recidivist risk, that alternative sentencing would unduly depreciate the seriousness of his crime, and that the public good would be served through petitioner's incarceration. The circuit court's February 10, 2020, order memorialized its decision. Petitioner now appeals this order.

On appeal, petitioner argues that the circuit court's comments during the sentencing hearing proved the circuit court was biased and that the sentence was based on the court's personal opinion, rather than the facts of the case. Petitioner asserts that there was no evidence in the record that petitioner was "doctor shopping" or that he was "a drug dealer." Petitioner further asserts that the circuit court discriminated against him in stating that he could not participate in probation if he could not urinate in a cup because, according to petitioner, he was unable to urinate or otherwise provide a urine sample. Petitioner argues that the court's conclusions are facially biased and in violation of the West Virginia Code of Judicial Conduct. Petitioner argues that the circuit court's conclusions in this regard prove bias. Upon our review, we find petitioner is entitled to no relief on appeal.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

Pursuant to West Virginia Code § 60A-4-401(a)(ii), the statutory sentence for possession with the intent to deliver a schedule II non-narcotic substance is "imprison[ment] in a state correctional facility for not less than one year nor more than five years, or [a] fine[] [of] no more than $15,000, or both [a] fine[] and imprison[ment.]" Thus, it is clear that the circuit court imposed a sentence within the statutory limits. Critical to petitioner's motion for alternative sentencing, we have held that "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 2, *Christopher H. v. Martin*, 241 W. Va. 706, 828 S.E.2d 94 (2019).

While petitioner considers the circuit court's comments and personal opinion to be a decisive factor in his sentence, it is notable that petitioner failed on multiple occasions to submit to a urine screen. Petitioner's failure to demonstrate that he would be able to abide by an essential term of probation was a critical factor for the circuit court to consider during sentencing, and this consideration was not an impermissible factor for the court to consider at sentencing. We note that there is no evidence in the record to support petitioner's assertion that he was physically unable to produce a urine specimen for drug testing or that he otherwise requested alternative means for testing. Ultimately, we find that the circuit court's sentence is within statutory limits and not based on some impermissible factor, and, therefore, not subject to appellate review.

For the foregoing reasons, the circuit court's February 10, 2020, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton