**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**State of West Virginia,
Plaintiff Below, Respondent**

**vs.)  No. 20-0678** (Berkeley County CC-02-2017-F-348)

**Adam Cullen,
Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Allen Cullen, by counsel Craig Mansford, appeals the Circuit Court of Berkeley County's July 30, 2020, order revoking petitioner's probation due to his violations of the terms and conditions of his probation. Respondent the State of West Virginia, by counsel Patrick Morrisey and Scott E. Johnson, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2005, petitioner was convicted of a third-degree sexual offense in Maryland, and that court entered an order requiring petitioner to register as a sexual offender. On October 19, 2017, petitioner was indicted on five counts of felony failure to register as a sex offender in Berkeley County, West Virginia. On April 12, 2018, he entered into a plea agreement with the State whereby he agreed to plead guilty to one count of felony failure to register as a sex offender, and the State agreed to make a binding recommendation that the one-to-five-year sentence be suspended and petitioner be placed on seven years of probation. By order entered on April 23, 2018, the circuit court imposed a sentence of one to five years of incarceration but suspended that sentence and imposed the seven-year period of probation.

On July 2, 2020, Probation Officer Laura Nine filed a petition for probation revocation against petitioner. In that petition, she recited certain terms of petitioner's probation. She alleged that petitioner violated his probation by failing to appear at four scheduled monthly report dates between October of 2018 and September of 2019. On December 9, 2019, petitioner reported on his monthly report date that his telephone number was (304) 671-XXXX; however, West Virginia State Police Corporal R.D. Eshbaugh had learned that that number had been disconnected

1

sometime between October 11, 2019, and December 11, 2019. Yet, during petitioner's scheduled meetings with the probation office in January, March, April, May, and June of 2020, petitioner consistently reported no changes to his contact information. On June 10, 2020, petitioner was specifically asked by Officer Nine if any of his contact information had changed, and he denied any changes. On June 27, 2020, petitioner was arrested and charged in Berkeley County with one count of failure to update sexual offender registry, second offense. According to the probation revocation petition, petitioner also failed to pay his court cost obligation.

The circuit court held a hearing on the petition to revoke petitioner's probation on July 28, 2020, during which the State called Officer Nine as its only witness. She testified as to the information set forth in the petition, in addition to related information, including her contact with Corp. Eshbaugh. Petitioner presented Angela Davis, petitioner's wife, as his only witness. Ms. Davis testified that petitioner provided his grandmother's telephone number as his number for the sexual offender registry because petitioner had gotten in trouble with his phone, and the couple did not have phones for three to four years. Petitioner's grandmother, Ms. Zimmerman, reportedly lived in a trailer approximately 100 yards from petitioner's trailer until she moved in with petitioner. Ms. Davis further testified that after Ms. Zimmerman's husband passed away during the preceding year, Ms. Zimmerman obtained a new phone with a new number. According to Ms. Davis, while Ms. Zimmerman asked Ms. Davis to inform petitioner of the new number, Ms. Davis failed to do so because she "just forgot." She also testified that petitioner tried to call Ms. Zimmerman's old number from jail to let her know he'd been arrested. Additionally, Ms. Davis testified that petitioner would borrow telephones from others, including co-workers, and that Ms. Zimmerman moved a couple of miles away after she changed her number. Finally, Ms. Davis blamed petitioner's busy work schedule for his failure to appear at some scheduled meetings with Officer Nine.

By order entered on July 30, 2020, the circuit court revoked petitioner's probation and imposed his underlying sentence. As set forth in that order, the circuit court found that petitioner violated the terms of his probation by failing to report to his probation officer as scheduled on four separate occasions; by failing to update his contact information, specifically his phone number; by lying on multiple occasions to his probation officer about his contact information; and by committing the felony offense of failure to update registry as a sex offender, second offense, while on probation. The court further found that Probation Officer Nine gave credible testimony as to petitioner's violations of his probation, while Ms. Davis's testimony was not credible. The circuit court revoked petitioner's probation and imposed the underlying sentence of not less than one nor more than five years in the penitentiary, with credit for time served. Petitioner appeals from that July 30, 2020, order.

As we have found:

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Duke*, 200 W. Va. 356, 489 S.E.2d 738 (1997).

On appeal, petitioner asserts a single assignment of error, though it contains several potential issues: The facts found by the circuit court in revoking petitioner's probation were clearly erroneous; the court's decision to revoke petitioner's probation, rather than impose a sanction, was an abuse of discretion; and the circuit court relied heavily upon the hearsay testimony of the probation officer in violation of petitioner's right to due process.[1] At the outset, he points to this Court's finding in *State v. Stuckey*, 174 W. Va. 236, 324 S.E.2d 379 (1984), that due process of law and the right of confrontation are not completely abandoned in a probation revocation proceeding. Petitioner argues that, here, the alleged probation violation was that petitioner did not provide correct contact information, which is the same allegation upon which Cpl. Eshbaugh brought his criminal complaint. Petitioner contends that since the filing of the "new" charge, the State has not pursued prosecution on this "new" offense so the filing of the "new" charge was merely a pretense for the probation revocation and to disqualify petitioner from receiving a graduated sanction, as provided in West Virginia Code § 62-12-10.[2]

Without citing to the record, petitioner contends that his evidence showed that he lived only 100 yards from his grandmother's residence and spoke to her multiple times per day so he provided her phone number to probation and law enforcement as his contact information "because she would undoubtedly let him know if someone had called for him." Petitioner takes issue with the circuit court's questioning as to why petitioner would use another person's cell phone to call probation or his boss if he did not know that his grandmother's phone was no longer working. Again failing to cite to the record, petitioner argues that the unrebutted evidence presented showed that he did not personally possess a cell phone, which was why he would use a friend's phone to

---

[1] Petitioner's brief includes only sparse references to the record and cites only one statute in support of his argument. We remind petitioner's counsel of the mandates of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in relevant part:

> The brief must contain an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on . . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

[2] West Virginia Code § 62-12-10(c) provides that

> [i]f, despite a violation of the conditions of probation, the court or judge is of the opinion that the interests of justice do not require that the probationer serve his or her sentence or a period of confinement, the judge may, except when the violation was the commission of a felony, again release him or her on probation: *Provided*, That a judge may otherwise depart from the sentence limitations set forth in subdivision (2), subsection (a) of this section upon making specific written findings of fact supporting the basis for the departure.

call his probation officer while at work.

In an unclear argument, he further asserts that the circuit court

was also confused about Ms. Nine's testimony when she tried to call (304) 671-[XXXX] on June 1, 2020 and was told by a female she had the wrong number, as the [c]ourt said this person lied and said this phone number did not belong to and wasn't being used by [petitioner] when he had just called in on that number. This wasn't the evidence presented and the [c]ourt was obviously confused thinking that Ms. Nine had called (508) 504-[XXXX] when she had in fact called (304) 671-[XXXX].

He then argues that West Virginia Code § 62-12-10 provides that only if the circuit court finds "reasonable cause" to believe a probationer has violated the terms of his probation, then probation can be revoked by the court.

Petitioner claims that he presented credible and unrebutted evidence that he was unaware that his grandmother had changed her cell phone carrier and phone number and that his explanation was plausible and credible. He also asserts that since his grandmother moved only a couple of miles away from him, he would still be able to use her phone number as his contact number. Again failing to cite to the record, petitioner asserts that he presented credible and competent evidence that he was unaware that his grandmother had a new phone number because he was trying to contact her from jail, on that disconnected number, after his arrest. He argues that these facts clearly show his subjective state of mind and weighed heavily in favor of Ms. Davis's credibility. Finally, petitioner contends, without citing to the record, that the State relied entirely on Ms. Nine's hearsay testimony that Cpl. Eshbaugh contacted Ms. Zimmerman and learned that her phone had been disconnected six to eight months prior.

In relevant part, West Virginia Code § 62-12-10 provides as follows:

(a) If at any time during the period of probation there shall be reasonable cause to believe that the probationer has violated any of the conditions of his or her probation, the probation officer may arrest him or her with or without an order or warrant, or the court which placed him or her on probation, or the judge thereof in vacation, may issue an order for his or her arrest, whereupon he or she shall be brought before the court, or the judge thereof in vacation, for a prompt and summary hearing.

(1) If the court or judge finds reasonable cause exists to believe that the probationer: . . .

(B) Engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance; . . .

(2) If the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of

probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days or, for the second violation, a period of confinement up to one hundred twenty days. For the third violation, the judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed, with credit for time spent in confinement under this section. . . .

(C) . . . the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed.

(2) If the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days or, for the second violation, a period of confinement up to one hundred twenty days. For the third violation, the judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed, with credit for time spent in confinement under this section.

It is uncontested that petitioner was on probation and was required to comply with the terms and conditions of his probation. Aside from his failure to update his contact information, as required, petitioner does not contest the fact that he failed to meet with his probation officer, also as required, on four occasions between October of 2018 and September of 2019. This failure to report was set forth in the petition for the revocation of petitioner's probation, and the circuit court found "reasonable cause to believe that [petitioner] violated the terms of his probation by failing to report to his probation officer as scheduled on four separate occasions . . . ." Petitioner recognizes that probation is a matter of grace from the court, rather than a matter of right,[3] and admits that in a probation revocation proceeding the State is only required to prove a violation by a clear preponderance of the evidence.[4] Because petitioner does not dispute that he violated the terms of his probation by failing to report to his probation officer as required, which was one of the bases for the circuit court's revocation of his probation, we find that the circuit court did not abuse its discretion in granting the petition for revocation of petitioner's probation and imposing the underlying sentence.

Affirmed.

**ISSUED:** January 12, 2022

---

[3] "'Probation is a matter of grace and not a matter of right.' Syllabus point 3, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004)." Syl. Pt. 2, *Christopher H. v. Martin*, 241 W. Va. 706, 828 S.E.2d 94 (2019).

[4] "Because a determination of criminal guilt is not involved, the standard of proof in a probation revocation hearing is by a clear preponderance of the evidence and not proof beyond a reasonable doubt." *State v. Ketchum*, 169 W.Va. 9, 12-13, 289 S.E.2d 657, 659 (1981).

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton