## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs.)  No.  20-1005** (Roane County 19-F-91)

**Darcy Fisher,**
**Respondent Below, Petitioner**


## MEMORANDUM DECISION


Petitioner Darcy Fisher appeals the November 17, 2020, order of the Circuit Court of Roane County that denied her request for probation and sentenced her to prison for her conviction on one count of entry of a building other than a dwelling in violation of West Virginia Code § 61-3-12, and one count of conspiracy to commit a felony, to wit: entry of a building other than a dwelling under West Virginia Code § 61-10-31. The State, by counsel Patrick Morrisey and Michael Hicks, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 9, 2019, a Roane County grand jury returned a twelve-count indictment against petitioner charging her with six felony counts of entry of a building other than a dwelling in violation of West Virginia Code § 61-3-12; one count of conspiracy to commit a felony, to wit: entry of a building other than a dwelling under West Virginia Code § 61-10-31; four counts of petit larceny under West Virginia Code § 61-3-13; and one count of conspiracy to commit a misdemeanor, to wit: petit larceny under West Virginia Code § 61-10-31. Thereafter, petitioner pled guilty to two of the felony counts: Count 1, entry of a building other than a dwelling, and Count 7, conspiracy to commit a misdemeanor, to wit: entry of a building other than a dwelling. The circuit court provisionally accepted petitioner's guilty pleas. However, the court continued petitioner's sentencing for one year to allow her to participate in a long-term drug treatment program.

Thereafter, at petitioner's November 13, 2020, sentencing hearing, the circuit court adjudged petitioner guilty of Counts 1 and 7. Petitioner's counsel argued for probation on those

1

two felony counts given petitioner's continuing success in the long-term drug treatment program. In response, the State introduced a recorded jail conversation between petitioner and an inmate named "Dodd." During that recorded call, the parties indicate that petitioner and Dodd discussed deer hunting. Petitioner then told Dodd, "I don't care if I'm a prohibited person [from possessing a firearm], I'll get a .22 and shoot a deer anyway." Petitioner also allegedly told Dodd about negative and/or threatening comments her brother made regarding a Roane County police officer who was involved in a shooting. The State argued that if petitioner had "really changed," she would "reach[] out to law enforcement[,] as opposed to making negative comments about them" but there was "no evidence of that" on the call. Thus, the State argued that it could not "agree to or recommend an alternative sentence if that is [petitioner's] attitude . . . towards law enforcement" because, if she were to be placed on probation, she would be "supervised by officers."

Before announcing petitioner's sentence, the circuit court commended petitioner on her success in drug treatment. Nevertheless, the court found that

> I am inclined to agree with the Prosecutor that your attitude towards law enforcement and your willingness to disobey the law, being a prohibited person [from possessing a firearm], are two things I can't ignore.
>
> . . . And you're thinking I should give you probation, but I have a responsibility to the citizens of this county[.]

Accordingly, by order entered November 17, 2020, the circuit court sentenced petitioner to one to ten years in prison for Count 1, and one to five years in prison for Count 7. The circuit court ordered the sentences to run concurrently and then dismissed petitioner's remaining charges.

Petitioner now appeals the circuit court's sentencing order. We review such orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). "It is not the proper prerogative of this Court to substitute its judgment for that of the trial court on sentencing matters, so long as the appellant's sentence was within the statutory limits, was not based upon any impermissible factors, and did not violate constitutional principles." *State v. Georgius*, 225 W. Va. 716, 722, 696 S.E.2d 18, 24 (2010).

Petitioner's sole assignment of error is that the circuit court erred in basing her sentence on the comments she made during the phone call with Dodd. Petitioner claims her comments regarded law enforcement abuse and criminal justice reform, and that in denying her probation the circuit court violated her constitutional right to freedom of speech. In support of this claim, petitioner argues that "the First Amendment forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others." *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 789–90 (1984). Petitioner highlights that "[c]riticism of government is at the very center of the constitutionally protected area of free discussion." *Rosenblatt v. Baer*, 383 U.S. 75, 85, (1966); *see also City of Houston v. Hill*, 482 U.S. 451, 461 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge

directed at police officers."). Petitioner contends that if she had not disagreed with law enforcement abuse or the overall scope of their enforcement capabilities, her sentence would have been vastly different.[1]

Probation is not a matter of right and trial courts have considerable discretion as to whether to grant it.

"Probation is a matter of grace and not a matter of right." Syl. pt. 3, *State v. Jones*, 216 W. Va. 666, 610 S.E.2d 1 (2004). In other words, "a defendant convicted of a crime has no absolute right to probation." *State v. Loy*, 146 W. Va. 308, 318, 119 S.E.2d 826, 832 (1961). This is so because "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." Syl. pt. 2, *State ex rel. Strickland v. Melton*, 152 W. Va. 500, 165 S.E.2d 90 (1968). This is so because "probation [i]s 'simply one of the devices of an enlightened system of penology which has for its purpose the reclamation and rehabilitation of the criminal.'" *Id.*, 152 W. Va. at 506, 165 S.E.2d at 94. Accordingly, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997).

*Christopher H. v. Martin*, 241 W. Va. 706, 710, 828 S.E.2d 94, 98 (2019). Moreover, "[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 3, *State v. Shaw*, 208 W. Va. 426, 541 S.E.2d 21 (2000) (quoting Syl. Pt. 2, *State v. Shafer*, 168 W. Va. 474, 284 S.E.2d 916 (1981)).

We first note that petitioner fails to produce any evidence in support of her argument that, during her recorded phone call with "Dodd," she discussed law enforcement abuse and/or criminal justice reform given that she did not include a copy of the recording of the call, a transcript of the call, or even a summary of the contents of the call, in her petition for appeal or in the record on appeal.[2] We "take as non[-]existing all facts that do not appear in the [appendix] record and will

---

[1] In her brief to this court, petitioner does not mention or attempt to defend her statement that, "I don't care if I'm a prohibited person [from possessing a firearm], I'll get a .22 and shoot a deer anyway."

[2] West Virginia Code § 15A-4-6 (2018) regards the "[m]onitoring of inmate telephone calls; procedures and restrictions; calls to or from attorneys excepted" and provides as follows:

(a) The commissioner, or his or her designee, is authorized to monitor, intercept, record, and disclose telephone calls to or from adult inmates of state institutions under his or her control, in accordance with the following provisions:
(1) All adult inmates of state institutions shall be notified in writing that their telephone conversations may be monitored, intercepted, recorded, and disclosed;
(2) Only the commissioner, superintendent, or their designee shall have access to recordings of inmates' telephone calls unless disclosed pursuant to § 15A-4-6(a)(4) of this code;

ignore those issues where the missing record is needed to give factual support to the claim." *Compton v. Straughn*, No. 19-0733, 2020 WL 3469714, at *1, n. 1 (W. Va. June 25, 2020) (memorandum decision) (quoting *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994)). Therefore, because we cannot verify the contents of the call or the context of the statements, we cannot say that the circuit court erred in denying petitioner parole on the ground that the contents of the call violated her constitutionally-protected fundamental liberty of freedom of speech.

What we do have before us is a transcript of petitioner's sentencing hearing wherein the circuit court found that it was "inclined to agree with the Prosecutor" that petitioner's "attitude towards law enforcement and [her] willingness to disobey the law, being a prohibited person" were

(3) Notice shall be prominently placed on, or immediately near, every telephone that may be monitored;

(4) The contents of inmates' telephone calls may be disclosed to an appropriate law-enforcement agency, or the West Virginia Intelligence Fusion Center, when disclosure is necessary for the investigation, prevention, or prosecution of a crime or to safeguard the orderly operation of the correctional institution. Disclosure may also be made in civil or administrative proceedings pursuant to an order of a court or an administrative tribunal when the disclosure is:

(A) Necessary to safeguard and protect the orderly operation of the correctional institution; or

(B) Necessary to protect persons from physical harm or the threat of physical harm;

(5) All recordings of telephone calls shall be retained for at least three years and maintained and destroyed in accordance with the record retention policy of the division adopted as required by § 5A-8-1 *et seq*. of this code; or

(6) To safeguard the sanctity of the attorney-client privilege, a telephone line that is not monitored shall be made available for telephone calls to or from an attorney. These calls may not be monitored, intercepted, recorded, or disclosed in any matter.

(b) The commissioner shall promulgate a policy directive establishing a record-keeping procedure which requires retention of: (1) A copy of the contents of any inmate telephone conversation provided to law enforcement; and (2) the name of the law-enforcement officer and the law-enforcement agency to which the contents of the telephone conversation were provided. The records required to be retained pursuant to this subsection shall be retained in accordance with the record retention policy specified in § 29B-1-4(a)(4) of this code. The inmate's telephone conversation and the information regarding law enforcement are law-enforcement records under that subdivision.

(c) Should an inmate be charged with a crime based, in whole or in part, on the inmate's telephone conversation supplied to law enforcement, the inmate's attorney in the criminal matter shall be entitled to access to and copies of the inmate's telephone conversations in the custody of the commissioner which are not evidence in or the subject of another criminal investigation.

(d) The provisions of this section apply only to those persons in the physical custody of the commissioner.

"two things" it could not "ignore." That finding related directly to petitioner's statement that, upon her release, she would obtain a rifle for hunting even though she knew that she was prohibited from doing so. We find that statement alone supports the circuit court's denial of probation given that petitioner's statement shows she would have willingly violated the terms and conditions of probation by possessing a firearm in violation of West Virginia Code § 61-7-7(a)(1). *See State v. Brown*, No. 17-0911, 2018 WL 4944193, at *3 (W. Va. Oct 12, 2018) (memorandum decision) (quoting Syl. Pt. 3, *State v. Ketchum*, 169 W. Va. 9, 289 S.E.2d 657 (1981)).

Accordingly, because petitioner fails to show that the circuit court relied on impermissible factors or violated constitutional commands in sentencing her, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William D. Wooton
Justice Alan D. Moats sitting by temporary assignment

5